MEMORANDUM *
Appellants have not established the causation and redressability of their injuries as required for Article III standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To satisfy the Constitution’s requirements for standing, appellants must show: “(1) actual or threatened injury (2) suffered as a result of the allegedly illegal conduct of the defendant, which (3) fairly can be traced to the challenged action and (4) is likely to be redressed by a favorable decision.” Salmon River Concerned Citizens v. Robertson, 32 F.3d 1346, 1353 (9th Cir.1994) (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). “The party invoking federal jurisdiction bears the burden of establishing these elements.” Lujan, 504 U.S. at 560, 112 S.Ct. 2130.
Appellants failed to show that their alleged concrete injury in fact[1] — a decreased chance of seeing cougars in the wild and an increased chance of being harmed by trapping equipment — is “fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court,” Lujan, 504 U.S. at 561, 112 S.Ct. 2130 (internal quotation marks and alterations of the quotations omitted), or that it is “likely, as opposed to merely speculative, that [their] injury will be redressed by a favorable decision.” Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).
Cougars are being culled under Oregon’s own state-run, state-funded Cougar Management Plan. Oregon does not need federal approval to manage the cougars within its boarders, and has killed cougars without federal assistance. The Oregon Department of Fish and Wildlife is not a party before the court, and is free to continue (as it has indicated it will) the trapping and killing of cougars regardless of any relief available to appellants in this case. Whether or not the federal government assists Oregon, Oregon will continue to kill and trap cougars. With each cougar killed, the likelihood of appellants seeing a cougar in the wild is decreased. Nothing that could happen in this case would change that. See Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (“[T]he ‘case *664 or controversy’ limitation of Art. Ill still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some thii'd party not before the court.”). Appellants have made no showing that whatever small probability they have of seeing a cougar in the wild will be reduced materially if the state does all rather than some of the cullings.
Affirmed.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because we hold that causation and re-dressability are lacking, we assume, arguen-do, that appellants alleged an injury with sufficient particularity to satisfy Article III standing.